

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**06/10/2014**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CODY W. SMITH, | § | CASE NO. 12-32096 |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| | § | |
| LOWELL T. CAGE, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 14-03115 |
| | § | |
| CODY W. SMITH AND | § | |
| TRACY G. SMITH, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION REGARDING: (1) GREEN BANK, N.A.'S MOTION TO BE JOINED AS A PARTY IN THE CHAPTER 7 TRUSTEE'S TURNOVER ADVERSARY PROCEEDING; AND (2) GREEN BANK, N.A.'S SUPPLEMENT AND AMENDMENT TO ITS MOTION TO BE JOINED AS A PARTY IN THE CHAPTER 7 TRUSTEE'S TURNOVER ADVERSARY PROCEEDING
[Adv. Docs. No. 5 & 15]

## I. INTRODUCTION

Lowell T. Cage, the Chapter 7 trustee in this case (the Trustee), has filed suit against Cody W. Smith (the Debtor) and his wife seeking a determination that certain proceeds in their possession are property of the estate under 11 U.S.C. § 541[1] and to recover these proceeds under § 542.[2]  Not surprisingly, the Debtor and his wife vigorously oppose the relief sought by the

---

[1] Any reference to "the Code" refers to the United States Bankruptcy Code, and reference to any section (i.e., §) refers to a section in 11 U.S.C., which is the United States Bankruptcy Code, unless otherwise noted.  Further, any reference to "the Bankruptcy Rules" refers to the Federal Rules of Bankruptcy Procedure.  Further, any reference to "the Rules" refers to the Federal Rules of Civil Procedure.

[2] The Trustee's complaint does not expressly reference § 542, but it is based on § 542.  *See, e.g.*, *In re Dunn*, 320 B.R. 161, 164, n.1 (Bankr. S.D. Ohio 2004) ("Turnover is governed by 11 U.S.C. § 542(a).").

Trustee.  Green Bank, N.A. (Green Bank), the largest unsecured creditor in this case, wants to join in this lawsuit as a party-plaintiff.  The Trustee supports Green Bank's request, no doubt because Green Bank would be willing to share in the expenses of discovery and trial preparation.  The Debtor and wife oppose Green Bank's request to intervene.  While it makes good economic sense for the Trustee to support Green Bank's request, this Court concludes that Green Bank may not intervene and that the Trustee must "go it alone."  This opinion sets forth the reasons why the Court makes this ruling.

The Court makes the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52, as incorporated into by Federal Rules of Bankruptcy Procedure 7052 and 9014.  To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such.  The Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II. PROCEDURAL AND FACTUAL BACKGROUND

1. The Debtor filed his voluntary Chapter 7 petition on March 20, 2012 (the Petition Date). [Doc. No. 1].  On the Petition Date, the Trustee was appointed to administer this Chapter 7 estate.

2. On April 3, 2012, the Debtor filed his Schedules A, B, C, D, E, F, G, H, I, and J.  [Doc. No. 16].  Schedule A represented that the Debtor owned real property located at 3419 Locke Lane, Houston, Texas 77027 (the Property).  [*Id.* at p. 3].  On Schedule C, the Debtor claimed the Property exempt as his homestead under applicable Texas law.  [*Id.* at p. 16].

3.  On May 29, 2012, the initial meeting of creditors was held, and the Trustee was able to conclude the meeting of creditors. [*See* Docket sheet entry for 05/29/2012].

4.  The deadline to file objections to any exemptions claimed by the Debtor was June 28, 2012. [Finding of Fact No. 3 & FED. R. BANKR. P. 4003]. No timely objection to the Debtor's homestead exemption was filed. [*See* Docket sheet; Adv. Doc. No. 1, p. 2, ¶ 4].

5.  On June 21, 2013, the Debtor and Tracy G. Smith—the Debtor's wife—sold the Property, and after payment of mortgage, taxes, and other closing costs, they received proceeds in excess of $700,000.00. [Adv. Doc. No. 5, p. 3, ¶ 5; Adv. Doc. No. 14, p. 1, ¶ 5].

6.  After the sale of the Property, the Debtor did not amend his Schedules to reflect the receipt of the sale proceeds. [*See* Docket sheet].

7.  On April 4, 2014, the Trustee filed a Motion for Turnover and Request for Expedited Hearing (the Motion for Turnover), requesting that this Court order the Debtor to turn over the proceeds from the sale of the Property. [Doc. No. 262]. In the Motion for Turnover, the Trustee—citing the Fifth Circuit's recent opinion in *Vieglahn v. Frost (In re Frost)*, 744 F.3d 384 (5th Cir. 2014)—asserts that because the Debtor and Ms. Smith did not reinvest the proceeds from the sale of the Property within six months, the proceeds lost their exempt status and are therefore property of the estate which should be turned over to the Trustee.[3] [*Id.* at p. 2, ¶¶ 4–5].

8.  On April 9, 2014, the Debtor filed a Motion to Convert Motion into Adversary Proceeding, Response to Request for Expedited Consideration, Motion to Interplead Funds, Motion to Continue Hearing and for Scheduling Order. [Doc. No. 266]. In this

---

[3] In this Memorandum Opinion, the Court does not address the merits of the Trustee's argument. Rather, the Court focuses on whether Green Bank may join the Trustee as a plaintiff in this adversary proceeding.

pleading, the Debtor, among other things, requested that this Court convert the Motion for Turnover to an adversary proceeding and approve an interpleader of the homestead proceeds. [*Id.* at p. 3].

9.  On April 10, 2014, this Court held a hearing on the Motion for Turnover.  The Court held that the Motion for Turnover would be converted to an adversary proceeding and ordered the Trustee to file the complaint by April 14, 2014.  The hearing was continued to April 30, 2014.

10. On April 11, 2014, the Trustee commenced an adversary proceeding and filed his Complaint for Turnover against the Debtor and Ms. Smith (the Complaint).  [Adv. Doc. No. 1].  The Complaint essentially restates all of the allegations set forth in the Motion for Turnover.

11. On April 11, 2014, the Court issued an Order on the Debtor's Motion to Interplead directing the Debtor to deposit into the Registry of the Court the sum of $700,349.09. [Doc. No. 273].

12. On April 14, 2014, the Debtor and Ms. Smith deposited into the Registry of the Court the sum of $700,469.97.[4]  [*See* Docket sheet entry for 04/14/2014].

13. On April 25, 2014, Green Bank filed a Motion to be Joined as a Party in the Chapter 7 Trustee's Turnover Adversary Proceeding (the Motion to Join).  [Adv. Doc. No. 5].  In the Motion to Join, Green Bank asserts that it should be allowed to join as a plaintiff in the adversary proceeding against the Debtor and Ms. Smith (collectively, the Defendants) pursuant to Rule 20, which is incorporated by Bankruptcy Rule 7020.  [*Id.* at p. 4, ¶¶ 7– 8].

---

[4] It is not clear to the Court at this time why the Debtor and his wife deposited an additional $120.88 into the Registry of the Court.

14. Green Bank is the holder of a large unsecured claim against the Debtor.[5] [Adv. Doc. No. 5, p. 3, ¶ 3; Adv. Doc. No. 14, p. 1, ¶ 3]. Green Bank's claim arises from the Debtor's unconditional guaranty regarding certain loans between Green Bank and ValArco, LLC, a limited liability company of which the Debtor is the Chief Executive Officer. [Adv. Doc. No. 5, p. 3, ¶ 3; Adv. Doc. No. 14, p. 1, ¶ 3].

15. The Trustee and Green Bank argue that the Debtor did not use the sale proceeds to purchase another homestead within six months of the sale of the Property, and therefore these proceeds are non-exempt. [Adv. Doc. No. 1, p. 2, ¶ 6; Adv. Doc. No. 5, p. 3, ¶ 5]. Conversely, the Defendants contend that all of these proceeds are exempt. [Adv. Doc. No. 17].

16. On April 30, 2014, the Court held a hearing on the Motion to Join. Counsel for Green Bank, counsel for the Trustee, counsel for the Debtor, and the Debtor appeared. The Court continued the hearing to May 20, 2014.

17. On May 12, 2014, the Defendants filed a response opposing the Motion to Join. [Adv. Doc. No. 14].

18. On May 14, 2014, Green Bank filed a Supplement and Amendment to the Motion to Join (the Amended Motion to Join). [Adv. Doc. No. 15]. In the Amended Motion to Join, Green Bank seeks to intervene in this adversary proceeding under Rule 24, which is incorporated by Bankruptcy Rule 7024, in addition to its previous request under Rule 20. [*Id.* at pp. 1–2, ¶ 1]. Specifically, Green Bank seeks to intervene as a matter of right under Rule 24(a)(2) and permissively under Rule 24(b)(1)(B). [*Id.* at pp. 2–6, ¶¶ 2–11].

---

[5] The Court notes that Green Bank and the Debtor dispute the amount of Green Bank's unsecured claim. Green Bank contends that the amount of its unsecured claim against the Debtor is $3,340,627.30. [Adv. Doc. No. 5, p. 3, ¶ 3]. However, the Debtor asserts that Green Bank's claim is significantly below $3,340,627.30. [Adv. Doc. No. 14, p. 1, ¶ 3].

19. On May 19, 2014, the Defendants filed a response opposing the Amended Motion to Join. [Adv. Doc. No. 16].

20. On May 20, 2014, the Court held a hearing on the Amended Motion to Join. Counsel for Green Bank, counsel for the Trustee, counsel for the Debtor, and the Debtor appeared. No party adduced any testimony or introduced any exhibits. Rather, counsel for all parties simply made oral arguments. The Trustee's counsel informed the Court that the Trustee supports the Amended Motion to Join. At the close of the hearing, the Court took the matter under advisement.

### III. CONCLUSIONS OF LAW

**A.    Jurisdiction, Venue, and Constitutional Authority to Enter Final Orders**

1. Jurisdiction

The Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This particular dispute over whether Green Bank can join as a party-plaintiff is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) because it affects the administration of this Chapter 7 estate.

2. Venue

Venue is proper pursuant to 28 U.S.C. § 1409.

3. Constitutional Authority to Enter a Final Order

*Stern v. Marshall*, 131 S. Ct. 2594 (2011), sets forth certain limitations on the constitutional authority of bankruptcy courts to enter final orders. This Court must therefore determine whether it has constitutional authority to enter a final order in the dispute at bar.

The threshold question is whether the denial of a motion to intervene is an appealable final order that requires this Court to do a *Stern* analysis. This Court concludes that entering an

6

order denying the relief sought by Green Bank is a final order. *See, e.g.*, *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996) ("The denial of a motion to intervene as of right is an appealable final order under 28 U.S.C. § 1291."); *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) ("When determining the appealability of orders denying permissive intervention, however, this Circuit operates under an 'anomalous rule,' in that we have only provisional jurisdiction to determine whether the district court erroneously denied such motions."). Therefore, this Court must analyze whether it has constitutional authority to enter a final order denying the Amended Motion to Join.

In *Stern*, the debtor, pursuant to 28 U.S.C. § 157(b)(2)(C), filed a counterclaim based solely on state law, and the resolution of this counterclaim did not necessarily resolve the validity or invalidity of the defendant's claim. Under these circumstances, the Supreme Court held that the bankruptcy court lacked constitutional authority to enter a final order on the debtor's counterclaim.

In the dispute at bar, on the other hand, there is ample bankruptcy law involved. The Amended Motion to Join is based upon express Bankruptcy Rules—Bankruptcy Rules 7020 and 7024. There is certainly some state law involved in the underlying dispute—namely, the homestead exemption laws of the State of Texas—but the ultimate relief sought by the Trustee (i.e., turnover) is based upon exclusive provisions of the Code: §§ 541 and 542. Thus, this dispute is easily distinguishable from the suit in *Stern*, and the Court concludes that there is no *Stern* concern here. The Court therefore has the constitutional authority to enter a final order in this dispute.

**B.     Rule 20 is Inapplicable to Green Bank, and Therefore Green Bank may not Intervene under this Particular Rule**

In the Amended Motion to Join, Green Bank requests relief under both Rule 20 and Rule 24.  [Findings of Fact Nos. 13 & 18].   Rule 20(a)(1), made applicable to this adversary proceeding by Bankruptcy Rule 7020, governs the permissive joinder of parties as plaintiffs. FED. R. CIV. P. 20(a)(1).  "A nonparty cannot on its own motion join as a party under Rule 19 or 20."  *Premier Foods of Bruton, Inc. v. City of Orlando*, 192 F.R.D. 310, 312 (M.D. Fla. 2000); *see also Hubner v. Schoonmaker*, CIV. A. No. 89–3400, 1990 WL 149207, at *4 (E.D. Pa. Oct. 2, 1990) ("If an existing party is seeking to bring in an outsider[,] the court should apply the joinder provisions of Rules 19 and 20; if the outsider is seeking to enter the suit of his own accord, the court should apply the intervention provisions set forth in Rule 24.").  In *Ortiz v. Rivera Lugo (In re Rivera Lugo)*, 503 B.R. 13 (Bankr. D. P.R. 2013), the court denied a creditor's motion for joinder, in part, because the creditor was not a plaintiff or defendant, and as a non-party, the remedies afforded in Rule 20 were not applicable. *Id.* at 17.

Here, the Court finds that Green Bank is a non-party like the creditor in *In re Rivera Lugo* because Green Bank is neither the plaintiff nor a defendant.  Therefore, the Court concludes that Rule 20 is not applicable, and Green Bank cannot obtain the relief that it requests through this particular Rule.  Accordingly, the Court now focuses on whether Green Bank can intervene under Rule 24.

**C.     Rule 24 is Applicable to Green Bank, but Green Bank Fails to Satisfy All of the Requirements under this Rule to be able to Intervene in this Suit**

Green Bank moved to intervene in this adversary proceeding as of right under Rule 24(a)(2) and permissively under Rule 24(b)(1)(B).[6]  [Finding of Fact No. 18].  For the reasons

---

[6] Green Bank did not assert the right to intervene based on a federal statute under Rule 24(a)(1).  Therefore, the Court will analyze Green Bank's requests only under Rule 24(a)(2) and Rule 24(b)(1)(B).

set forth below, the Court finds that Green Bank is not entitled to intervene in this adversary proceeding under Rule 24.

1. Green Bank has Failed to Satisfy the Requirements for Intervention as of Right under Rule 24(a)(2)

To intervene of right under Rule 24(a)(2), the moving party must satisfy four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of The Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). "Failure to satisfy any one requirement precludes intervention of right." *Id.*

### a. Timeliness of the Amended Motion to Join

The Fifth Circuit has established four factors to consider when evaluating the timeliness of a motion to intervene: (1) the length of time during which the proposed intervenor actually knew or reasonably should have known of its interest in the case; (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenor's failure to apply for intervention as soon as it actually knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the proposed intervenor may suffer if the motion is denied; and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely. *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996). "Timeliness is to be determined from all of the circumstances." *Id.*

9

The record is not clear as to the exact date that Green Bank became aware of its interest in the proceeds from the sale of the Property. What is clear, however, is that once the Trustee filed his pleadings against the Debtor, Green Bank moved swiftly to intervene. Specifically, the Trustee filed his initial pleading in the main case on April 4, 2014, and initiated this adversary proceeding on April 11, 2014; and Green Bank requested leave to join on April 25, 2014. [Findings of Fact Nos. 7, 10 & 13]. Therefore, Green Bank certainly did not delay. Moreover, there would be little, if any, prejudice to the Debtor if this Court permitted Green Bank to join as a party-plaintiff. This Court has not yet even issued a scheduling order, so there is still plenty of time for the Debtor to conduct discovery and prepare for trial.

Yet, Green Bank itself will not suffer much, if any, prejudice if this Court declines to allow it to intervene. After all, the Trustee is seeking the exact same relief that Green Bank would seek if it is allowed to intervene; and, Green Bank's counsel has stated on the record that with respect to seeking to recover the proceeds from the sale of the Property, the Trustee and his counsel "have done a very good job so far." [Tape Recording, May 20, 2014 Hearing at 4:26:34–4:26:39 p.m.]. Further, it would be highly unusual for Green Bank, as a separate and distinct creditor, to be allowed to intervene in a suit based solely on Chapter 5 of the Code. The express language of §§ 542, 547, 548, and 549 provide for only a trustee—not an individual creditor—to prosecute such causes of action. The judicially-created conditions allowing individual creditors to prosecute such claims are simply not present here. *See In re Digerati Techs., Inc.*, No. 13–33264–H4–11, 2014 WL 2123124, at *4 (Bankr. S.D. Tex. May 21, 2014) (citing *Louisiana World Exposition v. Federal Ins. Co.*, 864 F.2d 1153, n.10 (5th Cir. 1989)).

Balancing the four factors concerning timeliness of the Amended Motion to Join, this Court concludes that the Amended Motion to Join was not timely filed.

### b.  Interest of Green Bank

To satisfy the second requirement of Rule 24(a)(2), Green Bank must show that it has a "direct, substantial, legally protectable interest" relating to the property or transaction which is the subject of the action. *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996).  "This requires that the interest asserted be one that substantive law recognizes as belonging to or being owned by the applicant." *Id.*

In the Amended Motion to Join, Green Bank asserts that it has significant interests in the proceeds from the sale of the Property.  [Adv. Doc. No. 15, p. 4, ¶ 6].  The Court finds that Green Bank has not demonstrated an interest that substantive law recognizes as belonging to Green Bank.   Indeed, Green Bank, as a creditor, does not have standing to prosecute a turnover action; rather, the Trustee has exclusive authority, as the sole representative of the estate, to prosecute turnover actions.  *See, e.g., Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441–42 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim. . . . Reserving the action for the trustee maintains the integrity of the bankruptcy proceeding and ensures that individual creditors cannot hijack the bankruptcy process."); *Reed v. Cooper (In re Cooper)*, 405 B.R. 801, 807 (Bankr. N.D. Tex. 2009) ("[I]t is rather widely accepted that only the ***trustee*** (or debtor-in-possession in Chapter 11) has ***independent*** standing to pursue chapter 5 avoidance actions and other estate causes of action."); *Price v. Gaslowitz (In re Price)*, 173 B.R. 434, 440 (Bankr. N.D. Ga. 1994) ("A turnover action under section 542 is one facet of a trustee's general duty under section 704(1) to 'collect and reduce to money the property of the estate.'  A Chapter 7 trustee is the estate's sole representative.").

Further, Green Bank's interest in this adversary proceeding is purely economic, and an economic interest alone does not constitute a "direct, substantial, legally protectable interest." *See, e.g., New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) ("By requiring that the applicant's interest be not only 'direct' and 'substantial,' but also 'legally protectable,' it is plain that something more than an economic interest is necessary."); *Petromixtec S.A. v. Nat'l Ry. Equip. Co.*, No. Civ.A. 99–2866, 2001 WL 515237, at *3 (E.D. La. May 15, 2001) ("[T]he possibility of a party having more money available at the conclusion of a lawsuit does not constitute a direct, substantial, legally protectable interest under Rule 24(a)(2).").

For these reasons, the Court finds that Green Bank does not have a sufficient interest in this adversary proceeding to support intervention.

### c.   *Impairment of ability to protect interest*

Even if Green Bank's interest supported intervention, the disposition of this action would still not, as a practical matter, impair or impede Green Bank's ability to protect that interest.  If the Trustee prevails against the Debtor in the adversary proceeding, the Trustee will be able to recover the proceeds from the sale of the Property and distribute them to all of the Debtor's creditors, including Green Bank.  Therefore, the disposition of this action will not impair or impede Green Bank's ability to protect its interest.

### d.   *Adequacy of representation*

To satisfy the final requirement of Rule 24(a)(2), Green Bank must show that its interest "may be" inadequately represented by the existing parties (i.e., the Trustee).  *Sierra Club v. Epsy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538, n.10 (1972)).  "However 'minimal' this burden may be, it cannot be treated as so

minimal as to write the requirement completely out of the rule." *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984) (citation omitted).

Green Bank asserts that it has satisfied this fourth requirement because its "individual interest as a creditor is different from the Chapter 7 Trustee's interest, who is acting on behalf of all the Debtor's creditors," and therefore, the Trustee's ability to represent Green Bank's interest may be inadequate. [Adv. Doc. No. 15, p. 6, ¶ 5]. This Court disagrees for two reasons. First, because one of the Trustee's duties is to represent the interests of all creditors, including Green Bank's interest, Green Bank has a "heavy burden"—and not a "minimal" burden—to show inadequacy of representation. *See* 10 *Collier on Bankruptcy*, ¶ 7024.03 at 7024-4 to -5 (16th ed. 2014) ("In the situation where one of the duties of the existing parties is to represent the interests of the intervenor, intervention will not be allowed unless a compelling showing of inadequate representation is made."); *Heyman v. Exch. Nat'l Bank of Chicago*, 615 F.2d 1190, 1194 (7th Cir. 1980) (holding that the intervenor failed to meet his heavy burden to show inadequacy of representation by the trustee).

The Court finds that Green Bank has failed to meet its heavy burden. In fact, Green Bank has failed to adduce any testimony or introduce any exhibits providing concrete examples of the Trustee's inadequate representation. Indeed, counsel for Green Bank stated that both he and his client believe that with respect to seeking to recover the proceeds from the sale of the Property, the Trustee and Trustee's counsel "have done a very good job so far." [Tape Recording, May 20, 2014 Hearing at 4:26:34–4:26:39 p.m.].

Second, the Fifth Circuit has held that "when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or

13

nonfeasance." *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of The Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).   Here, the Court finds that Green Bank has the same ultimate objective as the Trustee—a determination that the proceeds from the sale of the Property are property of the estate which must be turned over to the Trustee for distribution to the Debtor's creditors.  [Finding of Fact No. 11; Adv. Doc. No. 5, pp. 3–4, ¶ 6; Adv. Doc. No. 15, pp. 1–2, ¶ 1].   Therefore, there is a presumption that the Trustee is adequately representing Green Bank unless Green Bank rebuts the presumption by demonstrating adversity of interest, collusion, or nonfeasance.  *Haspel & Davis Milling & Planting Co.*, 493 F.3d at 578.

At the hearing on May 20, 2014, counsel for Green Bank stipulated that there is no collusion or nonfeasance.  [Tape Recording, May 20, 2014 Hearing at 4:26:29–4:26:33 p.m.]. Green Bank attempts only to show adversity of interest.  Counsel for Green Bank argued that there is potential for adversity and provided two hypothetical situations as examples.  [*Id.* at 4:26:29–4:29:07 p.m.].  However, the Fifth Circuit has held that the **possibility** of adversity in the **future** is insufficient to show inadequate representation.  *See, e.g., League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185 (5th Cir. 1989) (holding that to rebut the presumption of adequate representation, the applicant must "produce more than speculation as to the purported inadequacy"); *Bush v. Viterna*, 740 F.2d 356–58 (5th Cir. 1984) (holding that the party moving to intervene failed to show adversity of interest when it only asserted the possibility of adversity in a future proceeding); *see also Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 968 (5th Cir. 1978) (holding that the possibility that future arbitration with adversity might occur does not demonstrate adverse interest in the present suit).   Moreover, "[t]he Court must determine adequacy of representation at the time intervention is sought."  *In re Charter Co.*, 50 B.R. 57, 63 (Bankr. W.D. Tex. 1985).   At the hearing, Green Bank neither

adduced any testimony nor introduced any exhibits showing any degree of adversity.  Thus, given the present record, this Court finds that there is no adversity of interest.  Indeed, as already noted previously in this opinion, counsel for Green Bank stated that both he and his client believe that with respect to seeking to recover the proceeds from the sale of the Property, the Trustee and Trustee's counsel "have done a very good job so far."  [Tape Recording, May 20, 2014 Hearing at 4:26:34–4:26:39 p.m.].  The Court finds it hard to believe that counsel for Green Bank would have made this statement if there was any adversity at present between Green Bank and the Trustee.

For the reasons set forth above, the Court finds that Green Bank has failed to overcome the presumption that the Trustee adequately represents its interests.  Accordingly, Green Bank is not entitled to intervention of right under Rule 24(a)(2).

2.  This Court Exercises its Discretion and Denies Green Bank's Request for Permissive Intervention under Rule 24(b)(1)(B)

Green Bank also seeks this Court's permission to intervene under Rule 24(b)(1)(B).  This Rule provides that: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1)(B).  Permissive intervention, however, "is wholly discretionary" with the court "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984) (citation omitted).  In considering permissive intervention, the Court may consider "whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit."  *Id.* at 472 (internal quotation marks omitted) (citing *Spangler v. Pasadena City Bd. of*

*Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). Other factors to consider include the "nature and extent of [the intervenor's] interest" and "[its] standing to raise relevant legal issues." *Id.* at n.40.

In the dispute at bar, Green Bank unquestionably has a stake in seeing that the proceeds from the sale of the Property be turned over to the Trustee. Indeed, as the largest unsecured creditor in this case, Green Bank will receive the lion's share of the Trustee's distribution of these proceeds should the Trustee recover them from the Defendants. But, Green Bank has introduced no evidence showing that the Trustee is inadequately prosecuting this suit to recover the proceeds. Indeed, as already noted, counsel for Green Bank stated on the record that with respect to seeking to recover the proceeds from the sale of the Property, the Trustee and Trustee's counsel "have done a very good job so far" [Tape Recording, May 20, 2014 Hearing at 4:26:34–4:26:39 p.m.]; and this Court knows that the Trustee's counsel is very capable of trying this suit based upon past trials in which he has been involved in this Court. These circumstances, plus the long-standing legal principle that individual creditors generally have no standing to prosecute Chapter 5 causes of action,[7] leave this Court to conclude that it should deny Green Bank's request for permissive intervention under Rule 24(b)(1)(B).

---

[7] *See, e.g., Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441–42 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim. . . . Reserving the action for the trustee maintains the integrity of the bankruptcy proceeding and ensures that individual creditors cannot hijack the bankruptcy process."); *Reed v. Cooper (In re Cooper)*, 405 B.R. 801, 807 (Bankr. N.D. Tex. 2009) ("[I]t is rather widely accepted that only the *trustee* (or debtor-in-possession in Chapter 11) has *independent* standing to pursue chapter 5 avoidance actions and other estate causes of action."); *Price v. Gaslowitz (In re Price)*, 173 B.R. 434, 440 (Bankr. N.D. Ga. 1994) ("A turnover action under section 542 is one facet of a trustee's general duty under section 704(1) to 'collect and reduce to money the property of the estate.' A Chapter 7 trustee is the estate's sole representative.").

16

## IV. CONCLUSION

In sum, the Court finds that Green Bank is not entitled to intervene in this adversary proceeding. Accordingly, the Motion to Join and the Amended Motion to Join should be denied in their entirety.

An order consistent with this Memorandum Opinion will be issued simultaneously on the docket with the entry of this Opinion.

Signed on this 10th day of June, 2014.

Jeff Bohm
Chief United States Bankruptcy Judge